## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| HYUN MEE KOO <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br> *On Behalf of Herself and* <br> *All Others Similarly Situated* <br><br> PLAINTIFFS, <br> v. <br><br> DOTOMBORI, INC. <br> YOKO SUSHI <br> 2946 Chain Bridge Road, #J <br> Oakton, Virginia 22124 <br><br>    Serve: Ki Y In <br>    4556 Rona Place <br>    Fairfax, Virginia 22030 <br><br> And <br><br> KI Y IN <br> 4556 Rona Place <br> Fairfax, Virginia 22030 <br><br> And <br><br> MI H IN <br> 4556 Rona Place <br> Fairfax, Virginia 22030 <br><br> DEFENDANTS. | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | Case No.: 1:17-cv-00124 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiff Hyun Mee Koo ("Plaintiff"), by and through her undersigned counsel, on behalf of herself and all others similarly situated, hereby submits this Collective Action

Complaint against Defendants Dotombori, Inc. d/b/a Yoko Sushi, Ki Y In, and Mi H In (collectively, "Defendants"), to recover unpaid wages, liquidated damages, reasonable attorney's fees, and costs under the Federal Fair Labor Standards Act ("FLSA").

**PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident of Fairfax, Virginia. By acting as the named plaintiff in this action, Plaintiff does hereby consent to participate as a plaintiff in a collective action for which relief is sought under the FLSA.

2. The FLSA Class Members are defined as:

    a. all current and former waiters and waitresses employed by Defendants at the Yoko Sushi Restaurant located at 2946 Chain Bridge Road, #J Oakton, Virginia 22124 during the period January 26, 2014 through the present ("the Class Period");

    b. who were paid by Defendants at hourly rates less than the FLSA required minimum wage ($7.25 per hour) for non-overtime hours worked each week and/or were paid less than the FLSA required minimum wage overtime rate ($7.25 * 1.5 = $10.88 per hour) for overtime hours worked over forty (40) per week;

    c. who, in addition to direct wages, received tips from customers but did not retain all tips from customers because of Defendants' common and class-wide policy of (1) deducting from tips an arbitrarily high credit card transaction service fee of 5%; and/or (2) because Defendants Ki Y In and/or Mi H In deducted $20.00 to $25.00 from tips for themselves on shifts when they performed chef and/or sushi chef duties at the

2

restaurant; and/or (3) because Defendants deducted and skimmed a portion of tips from customers for Defendants' use and enjoyment; and/or

d. who did not receive notice from Defendants that Defendants were paying Plaintiffs (or attempting to pay Plaintiffs) per the "tip-credit" method as set forth by the FLSA Section 203(m) and/or explain what that method of compensation entails.

3. Dotombori, Inc. is a corporation formed under the laws of the Commonwealth of Virginia with a principal office location in Fairfax County, Virginia.

4. At all times relevant to this action, Defendants Ki Y In and Mi H In were the primary owners and sole officers of Dotombori, Inc. In this capacity, Ki Y In and Mi H In were personally responsible for all operations of the Yoko Sushi Restaurant; personally managed and supervised the work duties of Plaintiff and other waiters and waitresses; set the schedule and hours for Plaintiff and other waiters and waitresses; set the pay rate and compensation method for Plaintiff and other waiters and waitresses; and individually were in charge of maintaining all employment documents for Plaintiff and other employees at the Yoko Sushi Restaurant.

5. At all times material herein, Defendants had annual sales exceeding $500,000.00.

6. At all times, Defendants sold food and drink products that originated from outside the Commonwealth of Virginia and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

3

7. At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiff and the FLSA class members were employees who handled food and drink products that originated from outside the Commonwealth of Virginia and were otherwise engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. At all times, Defendants each qualified as Plaintiff's employer and the employer of the FLSA class members under the FLSA.

10. In consideration of the foregoing, Federal Question jurisdiction, personal jurisdiction, and venue are proper in this Court.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings this collective action claim on her own behalf on behalf of those similarly situated individuals that meet the definition of the FLSA class members.

12. The FLSA claims arising under this Complaint are properly maintainable as a collective action under Section 216(b) of the FLSA.

13. The class size is believed exceed twenty (20) current and former waiters and waitresses at Defendants' Yoko Sushi Restaurant making joinder of all members impracticable.

14. Plaintiff will adequately represent the interests of the FLSA class members because she is similarly situated to the FLSA class members and her claims are typical of, and concurrent to, the claims of the other FLSA class members.

15. There are no known conflicts of interest between the Plaintiff and the other FLSA class members.

16. FLSA class counsel, Gregg C. Greenberg and the law firm of Zipin, Amster & Greenberg, LLC are qualified and able to litigate the FLSA class members' claims.

17. Common questions of law and fact predominate in this action because all of the FLSA class' claims implicate the same wage laws; failure by Defendant to pay all wages due and owing under Federal law arising out of a common and class-wide compensation policy that violated the FLSA minimum wage and overtime laws.

## FACTS

18. Plaintiff was employed by Defendants as a waitress at the Yoko Sushi Restaurant for the time periods of about 2007 – 2008; January 20011 – May 2011; and September 2013 – January 2017.

19. During her period of employment, Plaintiff's exact hours worked varied slightly from week to week.

20. During her period of employment, Plaintiff often worked more than forty (40) hours per week.

21. While employed, on average, Plaintiff worked between forty (40) to forty-five (45) hours per week.

22. While employed, Defendants paid Plaintiff direct wages for all hours worked (including overtime hours worked more than forty (40) per week) at the rate of $3.00 per hour plus Plaintiff was permitted to retain some portion of the tips she received from customers.

23. The method by which Defendants attempted to compensate Plaintiff (and other waiters and waitresses who are FLSA class members) is commonly known as the "tip credit" method of compliance set forth in Section 203(m) of the FLSA.

24. For Defendants to have successfully and correctly paid Plaintiff and all FLSA class members in compliance with the FLSA "tip credit," (1) Defendants must have paid Plaintiffs and the FLSA class members direct wages in an amount not less than the "tip credit" minimum wage ($2.13 per non-overtime hour and at a rate not less than $10.88 minus the "tip credit" taken for overtime hours worked more than forty (40) per week); (2) Plaintiff and the FLSA class members must have received tips in such an amount at least equal to the difference between the direct wages paid and the FLSA minimum wage and overtime minimum wage required amount; (3) Defendants must have informed Plaintiff and the FLSA class members that Defendants were paying them pursuant to the FLSA "tip credit" method and what that methodology entails; and (4) Plaintiff and the class members must have retained all tips received from customers.

25. Here, Defendants violated the FLSA "tip credit" requirements because:

    a. Defendants never provided Plaintiff or other FLSA class members with notice that Defendants were paying them pursuant to the FLSA "tip credit" method or what that methodology entails;

    b. Defendants did not pay Plaintiff and other FLSA class members at the required "tip credit" direct wage rate for all hours worked. At all times, Defendant paid Plaintiff and other FLSA class members direct wages at the rate of $3.00 per hour. As such, Defendant took a $4.25 per hour "tip credit" ($7.25 FLSA Minimum Wage - $3.00 direct wages = "tip credit" of $4.25 per hour). Therefore, for hours worked over forty (40) per week, Defendant was required to pay direct wages at an hourly rate not less than ($10.88 FLSA minimum

6

wage overtime rate - $4.25 "tip credit" = $6.63 owed per overtime hour). Defendants failed to pay this required rate for hours worked over forty (40) per week and instead paid the lesser $3.00 per hour;

c. Defendants did not allow Plaintiff and other FLSA class members to retain all tips they received from customers. Instead, Defendants took Plaintiff and other FLSA class members' tips for their own use and benefit in the following ways:

   i. Defendants regularly and customarily took 5% of Plaintiff and other FLSA class members' tips received by credit card. This amount was arbitrarily set significantly higher than the actual credit card service processing fees which are typically not higher than 2%. This allowed Defendants to keep the balance of the 5% of Plaintiff and other FLSA class members' tips for their own benefit;

   ii. Defendants Ki Y In and Mi H In would often perform chef and sushi chef job duties at the Yoko Sushi Restaurant. When they performed duties, Ki Y In and Mi H In would take a portion of Plaintiff and other FLSA class members' tips in direct violation of the "tip credit" restrictions set forth in Section 203(m); and

   iii. Defendants engaged in a class wide scheme of skimming a portion of Plaintiff and other FLSA class members' tips and taking the portion of the tips for use for Defendants' own benefit.

26. Defendants' action of taking portions of Plaintiff and other FLSA class members' tips; failing to pay the required FLSA "tip credit" direct wage for all hours worked; and failing to provide required notice as required by the FLSA prohibits Defendants from asserting a Section 203(m) "tip credit" compliance as a defense in this action.

27. At no time did Defendants ever pay Plaintiff or the FLSA class members direct wages at an hourly rate at least equal to the applicable Federal Minimum Wage.

28. At no time did Defendant ever pay Plaintiff or the FLSA class members direct wages for overtime hours worked per week in excess of forty (40) at the FLSA required overtime rate of one-and-one-half times the applicable Federal Minimum Wage.

29. Defendants are now liable to Plaintiff and the FLSA class members in the amount of the difference between the direct wages Defendants paid and the applicable minimum wage and or overtime rates for all hours worked.

## CAUSE OF ACTION
## VIOLATION OF FLSA

30. Plaintiff re-alleges and reasserts every allegation set forth herein, as if each were set forth herein.

31. The FLSA requires that employers pay employees for non-overtime hours worked each week at an hourly rate not less than the Federal Minimum Wage.

32. The FLSA requires that employers pay employees for overtime hours worked each week more than forty (40) at an hourly rate equal to the higher of one-and-one-half (1½) times the employee's regular rate of pay or one-and-one-half (1½) times the Federal Minimum Wage.

33. As set forth above, Defendants failed to compensate Plaintiff and the FLSA class members properly and as required by the FLSA for numerous hours worked.

34. Defendants' failure to pay Plaintiff and the FLSA class members wages as required by the FLSA was knowing, willful, intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all FLSA class members that opt-in to this action) for unpaid FLSA wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/ Gregg C. Greenberg

Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*